### HEFFNER v ZEIER

Ohio Appeals, 2nd Dist, Franklin Co

No 2004.    Decided Feb 25, 1931

L. P. Henderson, Columbus, for Heffner.
Charles S. Best, Columbus, for Zeier.

### THE FACTS ARE STATED IN THE OPINION.

BY THE COURT:

This case is submitted upon the motion filed by the defendant in error to strike the Bill of Exceptions from the files. It appears from the record that the motion for new trial was overruled on the 5th day of December, 1930. The Bill of Exceptions was not filed with the Clerk until it was allowed on January 24, 1931. This was more than 40 days after the motion for new trial was overruled. Counsel for defendant in error insist that the Bill of Exceptions was not filed within the time allowed by the statute and is, therefore, invalid. We have carefully considered this question. Under the old law the Supreme Court was consistent in holding that the Bill of Exceptions must be allowed within the time prescribed by statute. The decisions of the Supreme Court to this effect are: **Young v**

**Shallenbarger, 53 Oh St, 291; Newman v Becker, 54 Oh St, 323; Long v Newhouse, 57 Oh St, 349.**

The first case decided after the amendment to the statute requiring a Bil lof Exceptions to be filed with the Clerk of the Courts within 40 days after the motion for new trial was overruled was the case of **Davies v Railway Company, 71 Oh St, 329,** in which it was held that it is the duty of the party desiring to take a Bill of Exceptions to file the same in the cause with the Clerk of the Court within 40 days after the overruling of the motion for new trial, or the decision of the Court excepted to where a motion for new trial is not filed, and having done this he has performed all the duties imposed upon him by the statute. This case in connection with the case of **Pace v Volk, 85 Oh St, 413,** to the same effect makes it the duty of the litigant who desires to take a Bill of Exceptions to file the same with the Clerk of the Court within 40 days after the overruling of the motion for a new trial, or in case such motion is not filed within the same time after the decision of the Court to which objections are made.

The Supreme Court in the still later case had up the question of the filing of a Bill of Exceptions in the case of **State ex rel Anderson v Spence, et al, Judges, 94 Oh St, 252,** in which the same holding was made in a mandamus case against the Judges of the Court of Appeals.

In the case of **Porter v Rohrer, 95 Oh St, 90.** it was held that:

"While the excepting party is bound to file with his petition in error a Bill of Exceptions if he desires to raise the questions necessary thereby, but in a case where the excepting party has performed the statutory duty required of him he is not bound to file such Bill of Exceptions where the Trial Judge, through some fault of his, fails to sign the Bill of Exceptions but may bring it up to the higher Court within due time after the Bill is filed."

It, therefore, appears that the Supreme Court has held the excepting party to the duty of filing his Bill of Exceptions within the prescribed 40 days and that there is no power to allow the excepting party any variation from this date. It is claimed, however, that by virtue of 11,569 GC, the trial judge may allow an additional time of 15 days for the Judge to consider the Bill of Exceptions and allow it. This is required to be entered upon the Bill of Exceptions by the Trial Judge. It is claim-

ed that this section of the statute would extend the time for the original filing of the Bill. We are unable to agree with counsel upon this proposition. The decisions of the Courts are to the effect that the filing of the Bill of Exceptions within 40 days, as provided in §11564 GC, is mandatory and we find no provision which would justify counsel in failing to file his Bill of Exceptions with the Clerk of the Court within that time. See **Newman v Becker**, supra. Counsel refers to the case of **Beebe v State ex rel, 106 Oh St 75.** We find, however, that this relates to the extension allowed by §11569 GC to enable the Trial Judge or Judges to sign the Bill of Exceptions as provided in §11,564 GC. We, therefore, reach the conclusion that the failure to file the Bill of Exceptions with the Clerk of the Court within the 40 days allowed by §11,564 GC is a fatal defect and as it is mandatory we reach the conclusion that the motion should be sustained.

We have read the briefs of counsel for plaintiff in error to the effect that he relied upon the official stenographer to file the Bill and then when a copy thereof was placed in his hands within the time for filing it in the Court of Common Pleas he assumed it was a. copy for his benefit and did not file the same although he then had several days' time within which to file it. We reach the conclusion that inasmuch as the statute places this duty upon the party who objects to the decision of the Court of Common Pleas that he has no right to rely upon the official stenographer to file the Bill of Exceptions. He must, at his own peril file the Bill within the time prescribed.

The motion of the defendant in error must, therefore, be sustained.

(Allread, PJ, Hornbeck and Kunkle, JJ, concur.)